IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-02272-REB-MJW

P. CHRISTOPHER SWANSON,
GERALDINE SCHMIDT, and
JOANNE ROE, individually and on behalf of all persons similarly situated,

    Plaintiffs,

v.

THE TOWN OF MOUNTAIN VIEW, COLORADO,
POLICE CHIEF ERIC GOMEZ, in his individual and official capacity,
POLICE OFFICER DAVID GROFF, in his individual and official capacity,
POLICE OFFICER HERNANDEZ, in his individual and official capacity, and
POLICE OFFICER PEREZ, in his individual and official capacity,

    Defendants.

## ORDER DENYING MOTION FOR CLASS CERTIFICATION

**Blackburn, J.**

This matter is before me on the plaintiffs' **Motion for Class Certification** [#58], filed August 11, 2007. The defendants have filed a response [#59]. I deny the motion without prejudice.

### I. PLAINTIFFS' CLAIMS

In my Order Concerning Motion for Summary Judgment, which order is issued concurrently with this order, I grant the defendants' motion for summary judgment in part. The claims I describe in this order are the claims remaining after my resolution of the defendants' motion for summary judgment.

The plaintiffs' claims are based on their allegation that the Town of Mountain

View (Town) and its police department had a custom, policy, and practice of conducting traffic stops based on alleged traffic offenses that occurred outside of the Town's boundaries. In their First Claim for Relief, the plaintiffs assert a claim under 42 U.S.C. §1983 for violation of their rights under the Fourth Amendment. They allege that the defendants "unlawfully seized Plaintiffs by means of physical force and/or their show of authority and thereby restrained them of their freedom." *First Amended Complaint and Jury Demand* [#24], filed February 20, 2007 (Amended Complaint), ¶ 62. The defendants' traffic stops are alleged to have been unlawful because the alleged traffic offenses on which the traffic stops were based occurred outside of the Town's boundaries, and, therefore, outside of the jurisdiction of the Town's police officers. In my Order Concerning Motion for Summary Judgment, I concluded that this claim is barred by the ***Rooker-Feldman*** doctrine to the extent the plaintiffs seek to recover the traffic fines they paid to the Town or other damages incurred in the course of or as a result of proceedings in the Town's court. However, I concluded that the ***Rooker Feldman*** doctrine does not bar claims for alleged economic and non-economic injuries suffered by the plaintiffs as the result of an unlawful stop by the Town's police officers, but not related to or caused by proceedings in or the judgment of the Town's court. In resolving the motion for class certification, I consider the plaintiffs' First Claim for Relief as narrowed by my summary judgment order.

In their Third Claim for Relief, the plaintiffs assert a claim of supervisory liability against the chief of the Town's police department and a claim of municipal liability against the Town. Via these claims, the plaintiffs seek to hold the chief and the Town liable for any harm they suffered based on their First Claim for Relief. The relief

available to the plaintiffs on this claim is the same in scope as the relief described above concerning the First Claim for Relief.

The plaintiffs seek certification of a class of plaintiffs consisting of

> All individuals who were stopped by Mountain View police officers for only non-misdemeanor or non-felony traffic violations which occurred outside of the territorial jurisdiction of Mountain View.

*Motion for class certification*, p. 4.

## II. REQUIREMENTS OF FED. R. CIV. P. 23(a)

The plaintiffs seek to have this case certified as a class action under FED. R. CIV. P. 23. Under Rule 23, a class may be certified if several requirements are met. Rule 23(a) includes the following requirements: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of those of the class; and 4) the representative parties adequately will protect the interests of the class.

Class certification is a matter committed to the discretion of the trial court. ***Anderson v. City of Albuquerque***, 690 F.2d 796, 799 (10th Cir. 1982). A certified class may be altered, expanded, subdivided, or abandoned as the case develops. ***See, e.g., Daigle v. Shell Oil Co.***, 133 F.R.D. 600 (D. Colo. 1990); ***Dubin v. Miller***, 132 F.R.D. 269, 270-75 (D. Colo. 1990).

## III. ANALYSIS

On the current record, I conclude that the plaintiffs have failed to establish the first element of a certifiable class, numerosity. "In class action suits there must be presented some evidence of established, ascertainable numbers constituting the class in order to satisfy even the most liberal interpretation of the numerosity requirement."

3

***Rex v. Owens ex rel. State of Okl.***, 585 F.2d 432, 436 (10th Cir. 1978). A plaintiff seeking class certification "must produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved." ***Id***. The exact number of class members need not be pleaded or proven, but the impracticability of joinder must be positively shown, and cannot be speculative. ***Golden v. City of Columbus***, 404 F.3d 950, 966 (6th Cir. 2005) (quotation and citations omitted). A claim of numerosity that is based on speculation does not satisfy the numerosity requirement. ***See, e.g., Makuc v. American Honda Motor Co., Inc***., 835 F.2d 389, 394 - 395 (1st Cir. 1987); ***Golden***, 404 F.3d at 966; ***Alkire v. Irving***, 330 F.3d 802, 820 6th Cir. 2003). In short, to establish numerosity, there must be some evidence, aside from counsel's mere assertion, that the class is so numerous that joinder of all class members is impracticable.

The plaintiffs claim that the Town had a long-standing practice of issuing traffic tickets based on traffic violations that occurred outside of the Town's limits. However, aside from the evidence and allegations concerning the traffic tickets issued to the current and former plaintiffs in this case, a total of seven people, there is no evidence in the record that supports an estimate of how many other people may have received traffic tickets issued by the Town based on alleged infractions that occurred outside of the Town's boundaries. There may be hundreds of such people or only seven such people. The evidence in the current record does not support even an estimate. I note also that the applicable statute of limitations would serve to limit the time period properly included in a class action addressing the plaintiffs' claims. The plaintiffs claim that "(t)hus far, discovery has revealed at least several hundred class members," but

4

the plaintiff cites no evidence, including the purported discovery, to support this conclusion. *Motion for class certification*, p. 6 - 7.  Absent some evidence to support the numerosity requirement of Rule 23, the plaintiffs' motion for class certification must be denied.

It is conceivable that the plaintiffs can remedy the current absence of evidence addressing the issue of numerosity.  In light of this prospect, I deny the plaintiffs' motion for class certification without prejudice.

**THEREFORE, IT IS ORDERED** that the plaintiffs' **Motion for Class Certification** [#58], filed August 11, 2007, is **DENIED** without prejudice.

Dated March 20, 2008, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**